## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-20-134-R |
| | ) | |
| SHANE DEWYANE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence filed by Defendant pursuant to 28 U.S.C. § 2255 following his guilty plea to a single count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).[1] The Government responded to the Petition (Doc. No. 99). On January 9, 2023, the Court ordered Defendant Brown to provide an affidavit in support of Ground Three of the initial motion. (Doc. No. 100). He has not done so in the time limits prescribed by that Order; the Court moves to consideration of Defendant's claims.

In Ground One of the July 7, 2022, filing Defendant argued that he was denied the effective assistance of counsel during the plea stage, resulting in an involuntary and unknowing guilty plea.[2] As a sub-part of Ground One he asserts that the Government

---

[1] Defendant filed an initial motion on July 7, 2022 and sought leave to file his brief in support within 90 days. The Court granted leave, and in addition to seeking to support some of his original issues Defendant added additional issues. The filings (Doc. Nos. 87 and 93) will be construed as a single motion.

[2] The Government has construed each of Defendant's claims as challenging counsel's performance in light of the fact that Defendant did not file an appeal and further that he waived his right to challenge the plea and sentencing other than on the issue of the ineffective assistance of counsel. The Court concurs with this approach and notes that the familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1985), which requires deficient performance and prejudice, applies.

violated the terms and conditions of the plea agreement, but does not specify how they did so. In Ground One of the Amended Motion he asserts that the guidelines to which he agreed were changed the day of sentencing and that he would not have pled guilty to the guidelines enforced against him. The Court finds no basis in either version of Ground One to find that counsel was ineffective or to otherwise grant the instant motion.

In the Plea Agreement the parties stipulated that Defendant's relevant conduct was possession of 1.5 kilograms or more of methamphetamine, but less than 5 kilograms, noting a base level offense of 32. (Doc. No. 55, pp. 5-6). He agreed that the maximum term of imprisonment was life, and the minimum ten years. (*Id.* p. 2). The base level 32 was the starting point for the calculation of the sentence. The offense level was increased by four points for two different enhancements and reduced by three points for acceptance of responsibility, for a final offense level of 33[3]. With his criminal history the advisory guideline range was 235-293 months. The Court imposed a sentence of 235 months after adopting the base level offense agreed upon by the Government and the Defendant.  Simply stated, without additional argument from Defendant the Court finds no basis for concluding that the Government violated the plea agreement or that Defendant was not sentenced in accordance with the agreement or the stipulation. Additionally, there is no basis in the motion for concluding that counsel was ineffective at the plea stage, Defendant having agreed under oath during his plea hearing that he was satisfied with counsel's performance. (Doc. No. 97, p. 10).

---

[3] The Final Presentence Investigation Report started with a higher base level offense, but the Court adopted the agreed-upon offense level (Doc. No. 98, p.6)

In Ground Two of his initial motion Defendant argued that he was denied the effective assistance of counsel at sentencing, which resulted in misapplication of the sentencing guidelines as to the firearms enhancement and as to the type and quantity of drug for which he was held accountable. In Ground Two of the Amended Motion, he makes a related argument, asserting that he was held responsible for 7000 grams although the police recovered only 700 grams. In the initial motion he further alleges that counsel should have sought to withdraw his plea at sentencing when the Government violated the terms of the agreement, again without elaboration as to how the agreement was violated.[4]

Again, generally speaking, Defendant's arguments are not sufficiently developed so as to support a finding that counsel's performance was deficient. To the extent the arguments can be addressed directly, e.g., the firearm enhancement claim, counsel originally filed an objection to the Presentence Investigation Report but withdrew the objection at the sentencing hearing. The U.S.S.G. § 2D1.1(b)(1) two-point enhancement for possession of a dangerous weapon, to wit, numerous firearms, was consistent with the Court's admonition to the Defendant during his plea colloquy that "uncharged related criminal activities, if proved by a preponderance of the evidence," could be considered at sentencing. (Doc. No. 97, p. 7); *see also United States v. Burridge*, 191 F.3d 1297, 1304 (10th Cir. 1999)("It is well established that sentencing calculations can include as relevant conduct actions that do not lead to separate convictions."). Defendant affirmed that he understood. *Id.* As to the quantity of drug, Defendant stipulated to the amount and, although

---

[4] The Presentence Investigation Report utilized an initial offense level of 34 based on a higher quantity of drugs. The Court rejected that level and accepted the parties' stipulation as set forth in the Plea Agreement, which was signed by Defendant.

the Final Presentence Report attempted to hold him accountable for a greater quantity, the base level offense of 34 based on 17,290.204 kilograms of converted drug weight, the Court accepted the stipulation, consistent with defense counsel's objection to the Presentence Investigation Report. Furthermore, according to the Final Presentence Report, when Defendant was arrested on the instant charge he attempted to elude officers and during the pursuit dumped methamphetamine out of his vehicle. While retracing the route of the chase officers found more than a kilogram of methamphetamine. Defendant's source for the methamphetamine advised law enforcement that she had delivered six kilograms of methamphetamine to him. Because Defendant could be held accountable for a larger quantity of drug than the amount found as relevant conduct, as set forth above, and in light of his admissions during his plea colloquy, the Court finds no basis for concluding that counsel was ineffective in failing to address the drug quantity in any additional manner. None of the arguments presented in Ground Two of either the original or the amended motion provides a basis for granting Defendant's § 2255 motion.

In Ground Three of his initial motion, which the Court addressed in its prior Order, Defendant simply alleges he "was denied effective Counsel when Counsel failed to file a direct appeal at Defendant's request." Doc. No. 87 at p. 3. The Government responded with an affidavit from counsel wherein he represented that Defendant never requested that he pursue an appeal. Counsel further represented that although Defendant's sister contacted him about pursuing an appeal, she did so long after the time for appeal had passed. The Government further argued that counsel's affidavit was the only evidence regarding the issue and therefore the motion may be denied without an evidentiary hearing. The Court,

noting Defendant's affirmation with regard to his motion, ordered Defendant to file "a sworn statement under penalty of perjury setting forth the factual details in support of his claim that he requested his counsel to file a notice of appeal, including but not limited to the time, place, and manner of any discussion(s) or communication(s) between himself and counsel, the details of their discussion(s) or communication(s), and 'any other detail which would lend the requisite specificity or credibility to this allegation.' *United States v. Lester*, No. 09-40074-SAC, 2011 WL 3489994, at *7 (D. Kan. Aug. 10, 2011)." (Doc. No. 100, p. 3). Because Defendant failed to comply with the Court's Order and in light of the specific information provided by defense counsel, the Court finds no basis for an evidentiary hearing or for granting Defendant's § 2255 motion with regard to Ground Three. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962)(district court has discretion to exercise common sense in the development of the record and a full hearing is not always necessary).

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

5

After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues in this case differently.

For the reasons set forth herein, Defendant's Motion to Vacate (Doc. No. 87) and his Amended Motion to Vacate (Doc. No. 93) are hereby DENIED.

**IT IS SO ORDERED** this 22nd day of February 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE